FILED
 2012 Dec-10 PM 02:36
U.S. DISTRICT COURT
    N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

LUCY W. COLSON,

    PLAINTIFF,

v.                             CASE NO. CV-12-J-3839-S

JOE EAST HEATING & AIR
CONDITIONING, INC., STAY DRY DRAINAGE
AND WATERPROOFING, USAA CASUALTY
INSURANCE COMPANY,

    DEFENDANTS.

### **MEMORANDUM OPINION**

Pending before the court is the plaintiff's motion to remand (doc. 6) and memorandum in support of said motion (doc. 7). Defendant USAA Casualty Insurance Company ("USAA") removed this action from the Circuit Court of Madison County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 (Notice of Removal, ¶ 6), and that the non-diverse defendants were fraudulently joined. Having considered the notice of removal, the motion to remand, and the memorandum in support of said motion, the court finds as follows:

Defendant alleges that the matter in controversy exceeds $75,000.00 and that, absent the fraudulently joined defendants Joe East Heating and Air Conditioning

("Joe East") and Stay Dry Drainage and Waterproofing ("Stay Dry"), it is between citizens of different states. Notice of Removal, ¶¶ 11-16.

In support of its Notice of Removal, defendant USAA alleges that the claims against Joe East and Stay Dry "do not create joint, several or alternative liability with the claims asserted against USAA ... and the claims have no real connection to each other." Notice of Removal, ¶ 19. However, defendant USAA's assertions are contradicted by the plaintiff's complaint (submitted as Exhibit 2 to the Notice of Removal). In her complaint, the plaintiff alleges that defendant Joe East was hired to inspect the HVAC system in her home. Complaint, ¶ 10. Upon inspection, Joe East recommended installation of a new system, which the plaintiff and her now deceased husband purchased for the sum of $11,600.00. *Id*., ¶¶ 11-12. The plaintiff also entered a service agreement with Joe East for periodic inspections and maintenance of the system. *Id*., ¶ 14. In the course of further service under the agreement, the plaintiff was informed mold was found in her home, and thus paid Joe East additional sums to install specialized equipment within the HVAC system. *Id*., ¶¶ 15-16. Joe East further recommended plaintiff hire Stay Dry to inspect her home for moisture, which plaintiff did. *Id*., ¶¶ 17-18. Upon the representations of Stay Dry, plaintiff purchased further equipment from Stay Dry to prevent mold and moisture. *Id*., ¶¶ 19-22.

After the death of her husband, water damage from the HVAC system was found and further investigation revealed it had been improperly installed, allowing mold to develop in the house. Complaint, ¶¶ 26-30. Because of the extensive damage, plaintiff submitted a claim to defendant USAA, her home insurer, which has failed and refused to provide plaintiff with coverage. *Id.*, ¶¶ 35-36. Based on these allegations, the plaintiff filed suit for negligence and wantonness against defendants Joe East and Stay Dry (Count I); breach of agreement against defendants Joe East and Stay Dry (Count II); fraud and deceit against defendants Joe East and Stay Dry (Count III); insurance benefits against USAA (Count IV); and bad faith against USAA (Count IV).[1]

Defendant USAA asserts that the above set of allegations do not arise out of the same transaction or series of transactions. Notice of Removal, ¶ 19. Defendant USAA further asserts that the above claims do not create any joint, several or alternative liability. *Id.*, ¶ 23.

For this court to have jurisdiction under 28 U.S.C. § 1332, every plaintiff must be diverse from every defendant. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187,

---

[1] Plaintiff's complaint labels this count as "Count Four" as well.

110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse parties, as alleged by defendant USAA.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440.... In *Tapscott,* 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

Defendant USAA asserts the third type of fraudulent joinder described in *Triggs* is before this court, and that the claim against it has no real connection to the claims against Joe East and Stay Dry. As the party removing this action to federal court, defendant USAA has the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85

F.3d 1502, 1505 (11ᵗʰ Cir.1996).  All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11ᵗʰ Cir.1994)); *Diaz*, 85 F.3d at 1505.  "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11ᵗʰ Cir.1997) (citation omitted).[2]

By affidavit, defendant USAA asserts that the plaintiff was informed that her policy of insurance does cover mold remediation, but said coverage is limited to $10,000.00.[3]  Affidavit of Joseph Myers, submitted as ex. 3 to Notice of Removal, ¶ 7.  In that affidavit, USAA also avers that other claims submitted by plaintiff have been paid.  Affidavit of Myers, ¶ 5.

---

[2]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11ᵗʰ Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted).  Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

[3]Even assuming this court allowed the claims against USAA to proceed on their own, the assertions of Mr. Myers affidavit seem to contradict the assertions of defendant USAA in its notice of removal, specifically that the matter in controversy is in excess of this court's jurisdictional minimum, even given plaintiff's claim of bad faith.

The Eleventh Circuit made clear in *Tapscott* that it was not holding that "mere misjoinder is fraudulent joinder," but rather, that "egregious" misjoinder constitutes fraudulent joinder.[4] *Tapscott's* logic was drawn from the rules for permissive joinder as set forth in Rule 20(a), Federal Rules of Civil Procedure. *See Tapscott*, 77 F.3d at 1360. In turn Rule 20(a)(2), Fed.R.Civ.P., sets forth the following requirements for permissive joinder of defendants: "[p]ersons ... may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).  Under Alabama law, courts must consider each case individually to determine whether claims are logically related, therefore allowing "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Atchison v. Woodmen of the World Ins. Soc'y*, 982 F.Supp. 835, 839 (S.D.Ala.1997) (internal citations omitted). *See also In re Accutane Products Liability*, 841 F.Supp.2d 1243, 1246 (M.D.Fla.2012) (noting that egregious misjoinder, under *Tapscott*, requires there be no "real connection" between the controversies).

---

[4] Although stating that only "egregious" misjoinder is fraudulent for purposes of determining federal court jurisdiction, the Eleventh Circuit neglected to define that term except to state that it is something more than "mere misjoinder." *Tapscott*, 77 F.3d at 1360.

Having considered the foregoing, the court is of the opinion that the plaintiff's claims are sufficiently stated against each of the defendants to demonstrate that joinder of the claims in one action was proper. As a practical matter, the claims against defendant USAA require proof of the same set of facts that the plaintiff must prove to prevail in her claims against Joe East and Stay Dry. Additionally, should USAA provide benefits under its mold remediation clause, it has the right to seek the same back from those who allegedly caused the damage, namely Joe East or Stay Dry, there will be no claim left against USAA. Thus, USAA, as plaintiff's insurer, has a vested interest in plaintiff's claims against the other two defendants. The claims against the Alabama defendants and USAA are logically related, based on the same set of facts, and it is certainly within the realm of reason that recovery against one or more of the non-diverse defendants will impact plaintiff's claim against defendant USAA. As well stated by the Southern District of Alabama, "the Court can discern of no legal, factual or commonsense reason why all claims stated by the plaintiff in the instant case should not be tried together." *Bryan v. Lexington Insurance Co.*, 2006 WL 2052524, *8 (S.D.Ala.2006).

The court finds the allegations of the plaintiff's complaint more than sufficient to establish a "right to relief ... jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences ... and ... any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).  The court therefore finds that joinder of the diverse and non-diverse defendants was proper, thus complete diversity between all parties is lacking.  *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").  The court specifically finds that joinder of the diverse and non-diverse defendants certainly was not "egregious."

The court having considered the foregoing and being of the opinion that the plaintiffs' motion to remand is due to be granted;

It is therefore **ORDERED** by the court that said motion to remand be and hereby is **GRANTED**.  The court shall remand this case to the Circuit Court of Madison County, Alabama, by separate Order.

**DONE** and **ORDERED** this the 10th day of December, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE